IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAYLOR BISHOP,<br><br>Plaintiff,<br><br>vs.<br><br>AMNEAL PHARMACEUTICALS PVT. LTD., and AMNEAL PHARMACEUTICALS LLC,<br><br>Defendants. | **8:22CV11**<br><br>**MEMORANDUM AND ORDER REGARDING MOTION TO DISMISS BY AMNEAL PHARMACEUTICALS LLC**<br><br>**AND**<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT AMNEAL PHARMACEUTICALS PVT. LTD, SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION** |

In this case, plaintiff Taylor Bishop has brought products liability claims against defendant Amneal Pharmaceuticals Pvt. Ltd., an India-based manufacturer of Metformin Hydrochloride Extended Release Tablets, 500 mg (Metformin ER), and defendant Amneal Pharmaceuticals LLC, a Delaware company based in New Jersey, which Bishop believes was the distributor of the Metformin ER she ingested. Filing 25 at 1–3 (¶¶ 2–3, 11–12). Bishop believes that the Metformin ER caused her thyroid cancer. Filing 25 at 3 (¶¶ 17–19). This case is now before the Court on Amneal Pharmaceuticals LLC's June 1, 2022, Motion to Dismiss the Amended Complaint. Filing 39. Bishop filed her Brief in Opposition to Motion to Dismiss of Amneal Pharmaceuticals LLC on June 13, 2022. Filing 43. Amneal Pharmaceuticals LLC filed its Reply Memorandum of Law in Further Support of Defendant Amneal Pharmaceuticals LLC's Motion to Dismiss the Amended

1

Complaint on July 27, 2022. Filing 47. For the reasons set out below, Amneal Pharmaceuticals LLC's Motion to Dismiss is granted in part and denied in part as moot, and this case is dismissed as to Amneal Pharmaceuticals LLC.

## I.   INTRODUCTION

### A.  Summary of Decision

The Court finds that the part of Amneal Pharmaceuticals LLC's Motion to Dismiss challenging personal jurisdiction is dispositive. Because this case was removed from state court, if the Court determines that it lacks subject matter jurisdiction because Bishop lacks standing to pursue her claims, then the Court would be required to remand this action to state court. On the other hand, if the Court determines that it does not have personal jurisdiction over Amneal Pharmaceuticals LLC, then neither does the state court, because personal jurisdiction under federal and Nebraska law are both determined by the Due Process Clause to the United States Constitution. Thus, lack of personal jurisdiction would end the case against Amneal Pharmaceuticals LLC in this state.

The Court finds that Bishop has not made the required prima facie showing that this Court has personal jurisdiction over Amneal Pharmaceuticals LLC. Bishop asserts only "specific" personal jurisdiction, but she has not alleged sufficient contacts related to her claims to satisfy due process. Bishop has alleged only "on information and belief" that Amneal Pharmaceuticals LLC was the distributor of all Metformin ER she ingested in Nebraska. Such allegations are not sufficient, because they are only conclusory and speculative, where no other allegations or evidence provides plausible factual support. In this case, Amneal Pharmaceuticals LLC provides a declaration by a qualified witness that Amneal Pharmaceuticals LLC did not sell Metformin ER

in Nebraska and did not direct business activities or the distribution of Metformin ER at Nebraska. Bishop has not rebutted that showing.

Bishop's reliance on the "stream of commerce" theory as demonstrating personal jurisdiction in this case is also unavailing. This Court concludes that Bishop's "stream of commerce" theory purports to attach specific personal jurisdiction on the basis of mere foreseeability related to Amneal Pharmaceuticals LLC's relationships with third parties. It does not pay any attention to whether Amneal Pharmaceuticals LLC made its own efforts to target this forum. Under these circumstances, a "stream of commerce" theory is inapplicable in light of the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773 (2017).

Bishop is not entitled to jurisdictional discovery before dismissal, because she cites no facts raising a reasonable inference that Amneal Pharmaceuticals LLC has any contracts or has had any communications with distributors about sales in Nebraska. What Bishop seeks is an unwarranted fishing expedition. Thus, her request for jurisdictional discovery is denied, and the Motion to Dismiss is granted as to lack of personal jurisdiction. Such dismissal is without prejudice, however, because Bishop may be able to bring her claims against Amneal Pharmaceuticals LLC in a court that does have personal jurisdiction over that defendant.

Finally, Bishop must show cause why defendant Amneal Pharmaceuticals Pvt. Ltd. should not be dismissed for lack of prosecution. The docket shows that Amneal Pharmaceuticals Pvt. Ltd. has never been served with the Amended Complaint; that Amneal Pharmaceuticals Pvt. Ltd. has never appeared in this action; that Bishop never requested that summons issue as to Amneal Pharmaceuticals Pvt. Ltd.; and that Bishop does not appear to have otherwise pursued this

litigation against that defendant by attempting to serve that defendant using one of the methods provided in the Federal Rules of Civil Procedure.

### B. Factual Background

This case is before the Court on a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure challenging personal jurisdiction, subject matter jurisdiction, and statement of a claim on which relief can be granted, respectively. The Court may consider materials outside of the pleadings on challenges to personal jurisdiction and subject matter jurisdiction, and materials embraced by the pleadings on a challenge to statement of a claim.[1] Nevertheless, the allegations in the Amended Complaint are the starting point for the factual background to this case.

#### 1. Facts Drawn from the Amended Complaint

In this case, Taylor Bishop alleges that she developed thyroid cancer at the age of nineteen after taking Metformin Hydrochloride Extended Release Tablets, 500 mg, (Metformin ER) prescribed to her in or about November 2018 to treat her polycystic ovary syndrome (POCS). Filing 25 at 1 (¶ 2), 2 (¶ 8).[2] She alleges "on information and belief" that Amneal Pharmaceuticals Pvt. Ltd. was the manufacturer of all Metformin ER that she ingested. Filing 25 at 2 (¶ 11). She alleges "on information and belief" that defendant Amneal Pharmaceuticals LLC was the distributor of all Metformin ER that she ingested. Filing 25 at 3 (¶ 12).[3]

---

[1] *See Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 9511 (8th Cir. 2022) (personal jurisdiction); *Am. Fam. Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019) (subject matter jurisdiction); *Glow In One Mini Golf, LLC v. Walz*, 37 F.4th 1365, 1370 (8th Cir. 2022) (failure to state a claim).

[2] The Court's citations to the Amended Complaint (and the original Complaint) are to the docket number, docket page number, and paragraph number (*e.g.*, Filing 25 at 1 (¶ 2). All other citations to documents in the record are to the docket number and docket page number (*e.g.*, Filing 18 at 1).

[3] Somewhat confusingly, Bishop also alleges "on information and belief" that both defendants have been "engaged in the business of researching, designing, testing, monitoring, manufacturing, labeling, advertising,

Bishop alleges that approximately two or three months after she began ingesting Metformin ER, she noticed a fast-growing lump on her neck. Filing 25 at 3 (¶ 14). On June 12, 2019, the European Medicines Agency issued a press release stating that it was aware of batches of metformin distributed outside of the European Union containing the impurity N-nitrosodimethylamine (NDMA), which is a carcinogen known to cause thyroid cancer. Filing 25 at 3 (¶¶ 15–16). Bishop was diagnosed with thyroid cancer in July 2019, so she discontinued her use of Metformin ER. Filing 25 at 3 (¶ 17). She alleges that she has no family history of thyroid cancer and no indications of the cause of her cancer other than the carcinogen NDMA she alleges was present in Metformin ER she ingested. Filing 25 at 4 (¶ 22). She has had to undergo surgery and treatment for thyroid cancer that has cost $60,000.00. Filing 25 at 4 (¶ 23). She will continue to undergo treatment related to her thyroid cancer in the amount of no less than $600.00 per year for the rest of her life. Filing 25 at 4 (¶ 23). She alleges she will suffer from not having a thyroid for the rest of her life, because she will need to take medication to regulate her body's metabolic rate to control her heart, muscle, and digestive functions, and because she is more susceptible to a secondary cancer. Filing 25 at 4 (¶¶ 24–25).

Bishop alleges that on May 29, 2020, "Defendants" recalled all lots of Metformin ER in the United States owing to positive tests for NDMA. Filing 25 at 3 (¶ 18). Bishop alleges, however, that at the time that she began taking Metformin ER on November 14, 2018, each Defendant knew, or should have known, about the presence of the carcinogen NDMA in Metformin ER. Filing 25 at 3 (¶ 19). Bishop alleges that each defendant is required to complete testing on its

---

marketing, promoting, selling, and/or distributing pharmaceuticals, including Metformin Hydrochloride Extended Release Tablets, 500 mg ("Metformin ER"), for sale to and use and consumption by citizens of the State of Nebraska, including Ms. Bishop." Filing 25 at 1–2 (¶¶ 2–3).

pharmaceuticals routinely to ensure that there are no possible harmful effects from or harmful ingredients in its pharmaceuticals. Filing 25 at 3 (¶ 20). More specifically, she alleges that each defendant would have known of the presence of the carcinogen NDMA in Metformin ER if they had followed the testing regulations set by the FDA and reviewed the raw data as required. Filing 25 at 4 (¶ 26). She alleges further that Metformin ER is accompanied by an FDA-approved label, which gave consumers like her false information that Metformin ER was safe for consumption, was approved by the FDA, and was without carcinogens like NDMA. Filing 25 at 3 (¶ 21). Bishop alleges each defendant allowed a harmful product to be put in the market for consumers, under the guise that it was safe and approved by the FDA. Filing 25 at 4 (¶ 26). She alleges that she would not have agreed to take Metformin ER, and her medical provider would not have prescribed it, if they had known that it was not properly tested under FDA standards. Filing 25 at 4 (¶ 27).

### 2. *Additional Evidence Submitted by the Parties*

The Court will consider additional evidence related to the question that the Court finds dispositive of Amneal Pharmaceuticals LLC's Motion to Dismiss. Both parties have submitted such evidence.

On the issue of personal jurisdiction, Amneal Pharmaceuticals LLC points to the declaration of Andrew S. Boyer. Filing 39 at 6. Mr. Boyer is "currently Executive Vice President, Chief Commercial Officer, Generics for Amneal Pharmaceuticals Inc. ('Amneal Inc.'), a holding company and minority owner of Amneal Pharmaceuticals LLC ('Amneal LLC')." Filing 40-1 at 2. He avers that he is "familiar with the organization, existence, and activities of Amneal LLC." Filing 40-1 at 2. The parts of his declaration most pertinent here are the following:

> 7.    Amneal LLC does not engage in and has not at any time been engaged in the transaction of business in Nebraska.

6

8.     Amneal LLC has not designated any person in Nebraska as an authorized agent for service of process, and has not at any time filed or indicated its consent to service of process in Nebraska.

9.     Amneal LLC has not directed any advertising of metformin hydrochloride extended release tablets ("Metformin") specifically toward Nebraska residents, nor does it advertise Metformin in any publications that are directed primarily toward Nebraska residents.

10.    Neither at this time, nor at any time in the past, has Amneal LLC held a United States Abbreviated New Drug Application for Metformin.

11.    Amneal LLC has not sold any Metformin in the State of Nebraska.

12.    To the extent any product distributed by Amneal LLC is sold into the State of Nebraska, that would happen only through third party distributors over whom Amneal LLC has no control.

Filing 40-1 at 3.

In response, Bishop has offered her own declaration. As pertinent here, Bishop declares as follows:

2.     Attached to this Declaration as Exhibit "A" is a record from Walgreens indicating that "Amneal" was the manufacturer of the Metformin Hydrochloride Extended Release Tablets, 500 mg ("Metformin ER"), that I ingested.

3.     I was prescribed Metformin ER by Peggy Hobus, APRN, in Nebraska.

4.     The Metformin ER that I ingested was obtained from a Walgreens pharmacy located in Nebraska.

5.     I did not purchase the Metformin ER in any state other than Nebraska.

6.     At all times that I ingested the Metformin ER, I was a resident of Nebraska.

7.     As a resident of Nebraska, I primarily ingested the Metformin ER in Nebraska.

Filing 44-1 at 1. Exhibit A to her declaration identifies one sale on November 14, 2018, of 180 tablets of "METFORMIN ER 500MG 24HR TABS," with the manufacturer identified as

7

"AMNEAL," by "NE WALGREENS . . . STORE 03621." Filing 44-1 at 3. It identifies the prescriber as "HOBUS" at "BELLEVUE MEDICAL CENTER" in "BELLEVUE, NE." Filing 41-1 a 3. Although the patient information has been redacted, Bishop declares that this is a prescription for Metformin ER that she ingested. Filing 44-1 at 1.

### C. Procedural Background

Bishop and then-plaintiffs Chris Conrad and Sally Conrad filed their original Complaint in this matter in the District Court of Douglas County, Nebraska, on October 29, 2021, naming Amneal Pharmaceuticals, Inc., a Delaware corporation with its principal place of business in New Jersey, as the sole defendant. Filing 1-1 at 1 (¶¶ 1–3). Amneal Pharmaceuticals, Inc., removed this action to this court on January 10, 2022, on the basis of diversity jurisdiction. Filing 1 at 2. On March 3, 2022, Amneal Pharmaceuticals, Inc., filed a Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. Filing 18 at 1. In response to the Motion to Dismiss, Bishop filed an Amended Complaint on March 31, 2022. Filing 25. Consequently, on May 27, 2022, the Court denied the March 3, 2022, Motion to Dismiss as moot. Filing 31.

Bishop's Amended Complaint drops the Conrads as plaintiffs and replaces Amneal Pharmaceuticals, Inc., with two different entities identified as Amneal Pharmaceuticals Pvt. Ltd. and Amneal Pharmaceuticals LLC. Filing 25 at 1 (¶¶ 1–3). In her Amended Complaint, Bishop asserts several theories of recovery against both defendants. Those theories of recovery are strict liability based on failure to warn, Filing 25 at 4–6 (¶¶ 28–35); strict liability based on a design defect, Filing 25 at 6–8 (¶¶ 36–44); strict liability based on a manufacturing defect, Filing 25 at 8 (¶¶ 45–50); negligence, Filing 25 at 9 (¶¶ 51–56); breach of implied warranty of fitness for a particular purpose, Filing 25 at 9–10 (¶¶ 57–63); breach of implied warranty of merchantability,

8

Filing 25 at 10–11 (¶¶ 64–69); negligent misrepresentation, Filing 25 at 11 (¶¶ 70–76); and violation of the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301 *et seq.*, Filing 25 at 12 (¶¶ 77–80). Bishop seeks an award of $2,000,000.00 for past and future medical expenses, bodily injury, pain, suffering, emotional distress, loss of enjoyment of life, disability, and economic loss, plus attorney fees and such other relief as the Court finds just and equitable. Filing 25 at 12–13 (Request for Relief).

On June 1, 2022, Amneal Pharmaceuticals LLC filed the Motion to Dismiss now before the Court, based on lack of personal jurisdiction, lack of subject matter jurisdiction owing to Bishop's lack of standing, and failure to state claims on which relief can be granted. Filing 38 at 1. In her Brief in Opposition, filed July 13, 2022, Bishop *inter alia* "consents to dismissal of her claims only against Amneal [Pharmaceuticals] LLC for strict liability, (ECF No. 25, pp. 4–6, ¶¶ 28–35); negligent misrepresentation, (*id*. at p. 11, ¶¶ 70–76); and violation of the Uniform Deceptive Trade Practices Act, (*id*. at p. 12, ¶¶ 77–80)." Filing 43 at 13.[4] Thus, she continues to assert the viability of claims of negligence, Filing 25 at 9 (¶¶ 51–56), and breach of implied warranties, Filing 25 at 9–11 (¶¶ 57–76). Amneal Pharmaceuticals LLC filed its Reply Brief on July 27, 2022. Filing 47.

## II.  LEGAL ANALYSIS

### A.  Which Ground for Dismissal to Consider First

Amneal Pharmaceuticals LLC has moved to dismiss on three different grounds under three different parts of Rule 12(b) involving three different standards. Nothing requires the Court to

---

[4] Bishop cites only the part of her Amended Complaint alleging a claim of strict liability for failure to warn. She does not mention the parts of her Amended Complaint alleging claims for strict liability for a design defect and a manufacturing defect. Filing 25 at 6–8 (¶¶ 36–50). Nevertheless, Bishop apparently intended and Amneal Pharmaceuticals LLC apparently understands her to be dropping all of her strict liability claims. *See* Filing 47 at 2.

consider the grounds asserted in Amneal Pharmaceuticals LLC's Motion to Dismiss in the order in which Amneal Pharmaceuticals LLC presented them. Rather, the Court must consider the most efficient order in which to address them.

Ordinarily, the Court would begin its analysis of a motion to dismiss on several grounds with the challenge to subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Doing so would avoid deciding any other issue in a case where the Court might not have subject matter jurisdiction. In this case, however, the question of subject matter jurisdiction involves whether Bishop has standing to pursue her claims against Amneal Pharmaceuticals LLC, not whether Bishop's substantive claims fall within the Court's subject matter jurisdiction—they do, and Amneal Pharmaceuticals LLC does not argue otherwise. As the Eighth Circuit Court of Appeals has explained, "When a case is in federal court because it has been removed there by the defendant and it turns out the district court lacks subject matter jurisdiction to decide the claims, 'the case shall be remanded.'" *Schumacher v. SC Data Ctr., Inc.,* 33 F.4th 504, 514 (8th Cir. 2022) (quoting 28 U.S.C. § 1447(c)); *Wallace v. ConAgra Foods, Inc.,* 747 F.3d 1025, 1033 (8th Cir. 2014) (noting that if a case has been removed to federal court and the plaintiff lacks Article III standing to confer federal jurisdiction, "the federal court *must* remand the case to the state court from whence it came").

In contrast, remand would not be appropriate if Amneal Pharmaceuticals LLC's challenge to personal jurisdiction pursuant to Rule 12(b)(2) is successful. This is so, because where no applicable federal statute provides for nationwide personal jurisdiction, as is the case here, "the existence of personal jurisdiction depends on the long-arm statute of the forum state and the federal Due Process Clause." *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.,* 42 F.4th 948, 951 (8th Cir. 2022). "Nebraska has construed its long-arm statute to confer jurisdiction to the fullest extent

permitted by the United States Constitution," so the sole question is whether the exercise of personal jurisdiction over Amneal Pharmaceuticals LLC comports with due process. *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693 (8th Cir. 2003). Because the personal jurisdiction question under the Nebraska long-arm statute turns on the federal Due Process Clause, that means that if this Court does not have personal jurisdiction over Amneal Pharmaceuticals LLC, then neither does the District Court of Douglas County, Nebraska. In other words, the personal jurisdiction issue is determinative of litigation in this forum, whether in federal court or state court. Consequently, if personal jurisdiction is lacking, then dismissal would be appropriate. Such dismissal would be without prejudice, however, to allow Bishop to attempt to assert her claims in a forum with personal jurisdiction over Amneal Pharmaceuticals LLC. The Court has considered the notion that the state court might be entitled to determine personal jurisdiction for itself. However, this Court's decision on personal jurisdiction cannot be revisited by the state court under the doctrine of issue preclusion. *See Pohlmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) (explaining when issue preclusion bars a different court from revisiting the question of personal jurisdiction).

Under these circumstances, the Court will begin with the question of personal jurisdiction. The Court will address subject matter jurisdiction and/or failure to state claims on which relief can be granted only if the personal jurisdiction analysis does not dispose of the litigation in this state.

### B.  Personal Jurisdiction

#### 1.  *The Parties' Arguments*

Amneal Pharmaceuticals LLC argues that this Court lacks personal jurisdiction over it, because it is a nonresident corporation that does not do business in Nebraska. Filing 39 at 5. As to "general" personal jurisdiction, Amneal Pharmaceuticals LLC argues that it is not "at home" in

Nebraska. Filing 39 at 6. Furthermore, Amneal Pharmaceuticals LLC argues that it lacks any suit-related contacts with this forum that could establish "specific" personal jurisdiction. Filing 39 at 6. Amneal Pharmaceuticals LLC argues that it is only a distributor of Metformin ER, not a manufacturer. Filing 39 at 6. It argues further that to the extent any Metformin ER that it distributed was ultimately sold in Nebraska, that would have occurred through third-party distributors over which Amneal Pharmaceuticals LLC has no control. Filing 39 at 6.

In response, Bishop clarifies that she is asserting only "specific" personal jurisdiction over Amneal Pharmaceuticals LLC. Filing 43 at 2–3. She contends that this Court has specific personal jurisdiction over Amneal Pharmaceuticals LLC because Amneal Pharmaceuticals LLC introduced Metformin ER into the "stream of commerce." Filing 43 at 4–5. She argues that, notwithstanding Amneal Pharmaceuticals LLC's argument that it has no control over its downstream distributors, Metformin ER distributed by Amneal Pharmaceuticals LLC nevertheless flows into Nebraska and is sold and ingested here. Filing 43 at 6. She asks that if the Court concludes these arguments do not establish personal jurisdiction, then the Court should allow limited discovery—particularly with respect to the nature of Amneal Pharmaceuticals LLC's contracts and communications with its downstream distributors about sales in Nebraska—prior to dismissing Amneal Pharmaceuticals LLC from this case. Filing 43 at 6.

In reply, Amneal Pharmaceuticals LLC characterizes Bishop's argument as asking this Court to view the evidence in a light most favorable to her and resolve factual conflicts in her favor but that she has not submitted any evidence to create a factual conflict. Filing 47 at 3. Amneal Pharmaceuticals LLC argues that under the proper standard, specific personal jurisdiction requires that a defendant purposefully availed itself of the privilege of doing business in the state, not just that the defendant's product arrived in the state by happenstance. Filing 47 at 3–4. Finally, Amneal

Pharmaceuticals LLC argues that no discovery should be allowed on the personal jurisdiction issue because Bishop offers only speculation or conclusory assertions about Amneal Pharmaceuticals LLC's contacts with this forum.

    *2. Discussion*

       a.  Applicable Standards

Amneal Pharmaceuticals LLC's challenge to this Court's personal jurisdiction over it is pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Rule 12(b)(2) provides for a pre-answer motion to dismiss for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). The Eighth Circuit Court of Appeals recently explained,

> [The plaintiff] "bear[s] the burden of establishing a prima facie showing of jurisdiction, and we view the facts in the light most favorable to [the plaintiff]." [*Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021)] (cleaned up) (quoting *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020)). A prima facie showing "is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant can be subjected to jurisdiction within the state.'" *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011) (cleaned up) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). "The evidentiary showing required at the prima facie stage is minimal." *Willnerd v. First Nat'l Neb., Inc.*, 558 F.3d 770, 778 (8th Cir. 2009) (quotation omitted). "Just like the district court, we may look beyond the pleadings to determine whether personal jurisdiction exists, including reviewing affidavits and other exhibits." *Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020).

*Zazzle, Inc.*, 42 F.4th at 951.

While the burden to make a prima facie showing of personal jurisdiction at this stage of the litigation is "minimal," conclusory allegations and speculations are insufficient where no other allegations provide plausible factual support. *See id.* (requiring the pleading of sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state); *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011) (explaining that when a plaintiff offers only speculation or conclusory assertions about contacts

with a forum state, dismissal for lack of personal jurisdiction is appropriate); *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1092 (8th Cir. 2008) (holding a "conclusory allegation is not enough to establish personal jurisdiction" and that the plaintiff had "the burden of proving facts supporting personal jurisdiction, not by the pleadings alone, but by the affidavits and exhibits" (internal quotation marks and citation omitted)). This is true, even though the plaintiff does not bear the ultimate burden to prove personal jurisdiction by the preponderance of the evidence until trial or when the court holds an evidentiary hearing on the question. *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015). Neither party here has requested an evidentiary hearing on personal jurisdiction.

Where no applicable federal statute provides for nationwide personal jurisdiction, as is the case here, "the existence of personal jurisdiction depends on the long-arm statute of the forum state and the federal Due Process Clause." *Zazzle, Inc.*, 42 F.4th at 951. "Nebraska has construed its long-arm statute to confer jurisdiction to the fullest extent permitted by the United States Constitution," so the sole question is whether the exercise of personal jurisdiction over Amneal Pharmaceuticals LLC comports with due process. *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693 (8th Cir. 2003). As to the due process analysis, the Eighth Circuit Court of Appeals has explained,

> "Critical to due process analysis is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Kaliannan*, 2 F.4th at 733 (cleaned up) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). The relevant conduct and connections for the due process analysis depend on whether personal jurisdiction is alleged to be general or specific. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, ─── U.S. ───, 141 S. Ct. 1017, 1024, 209 L.Ed.2d 225 (2021). General jurisdiction exists where a defendant is "essentially at home" in the forum state, whereas specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims," namely those that "'arise out of or relate to the defendant's contacts' with the forum." *Id.* at 1024–

14

25 (quoting *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, ––– U.S. ––––, 137 S. Ct. 1773, 1780, 198 L.Ed.2d 395 (2017)).

*Zazzle, Inc*., 42 F.4th at 951–52.

In this case, Bishop does not argue that the Court has "general" jurisdiction over Amneal Pharmaceuticals LLC; instead, she argues that the Court has "specific" jurisdiction over this defendant. Filing 43 at 2 ("This Court has specific personal jurisdiction over Amneal LLC."), 3 ("Plaintiff makes no argument that Amneal LLC is subject to *general* personal jurisdiction in Nebraska."), 4–6 (arguing that the Court has specific personal jurisdiction over Amneal Pharmaceuticals LLC). Thus, as in *Zazzle, Inc.*, this Court "must decide whether [Amneal Pharmaceuticals LLC] has certain minimum contacts with the forum state and whether [Bishop's] claims 'arise out of or relate to [Amneal Pharmaceuticals LLC's] contacts.'" 42 F.4th at 952 (quoting *Kaliannan*, 2 F.4th at 733, in turn quoting *Ford Motor*, 141 S. Ct. at 1025).

The Court's "inquiry must consider [Amneal Pharmaceuticals LLC's] 'contacts with [Nebraska] itself, not [Amneal Pharmaceuticals LLC's] contacts with persons who reside there.'" *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). More specifically still,

> In determining whether specific jurisdiction exists, we consider the totality of the circumstances, *Kaliannan*, 2 F.4th at 733, using five factors to guide our analysis: "(1) the nature and quality of [defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Whaley*, 946 F.3d at 452 (quotation omitted). The first three factors are of "primary importance" and the "fourth and fifth factors carry less weight." *Id.* (quotation omitted).

*Zazzle, Inc*., 42 F.4th at 952. In *Zazzle, Inc.*, the Eighth Circuit Court of Appeals explained that, when considering the three "primary" factors, "for specific jurisdiction to exist, the defendant must take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State, such as directing its activities at the forum or targeting forum residents." *Id.* at

15

953 (internal quotation marks and citations omitted). Thus, the court considers whether the defendant "deliberately reached out beyond its home" and whether the contacts alleged were "anything more than random, isolated, or fortuitous." *Id.*

       b.  Bishop has Failed to Prove Sufficient Contacts to Establish
           Specific Personal Jurisdiction

Although "[t]he evidentiary showing required at the prima facie stage is minimal," *id.* at 951 (internal quotation marks and citation omitted), the Court finds that Bishop has not made the required showing. Bishop has not shown that Amneal Pharmaceuticals LLC has sufficient minimum contacts with the forum state. *Id.* at 952. Indeed, no facts support Bishop's position that the nature, quality, and quantity of Amneal Pharmaceuticals LLC's contacts with this state are sufficient. *See id.* (stating the first two factors guiding the specific personal jurisdiction analysis are "(1) the nature and quality of [defendant's] contacts with the forum state" and "(2) the quantity of such contacts" (internal quotation marks and citations omitted)).

First, Bishop has alleged only "on information and belief" that Amneal Pharmaceuticals LLC was the distributor of all Metformin ER she ingested. Filing 25 at 3 (¶ 12). Allegations "on information and belief" are not sufficient, because they are only conclusory and speculative, where no other allegations or evidence provides plausible factual support. *See Zazzle, Inc.*, 42 F.4th at 951 (explaining that the plaintiff must plead sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction in this state); *Viasystems, Inc.*, 646 F.3d at 598 (explaining that speculation or conclusory assertions about contacts with a forum state are not enough to avoid dismissal for lack of personal jurisdiction); *Miller*, 528 F.3d at 1092 (holding a "conclusory allegation is not enough to establish personal jurisdiction"; rather, proof of facts by evidence and affidavit is required). In her declaration and Exhibit A to it, Bishop has identified

one sale by her pharmacy in Nebraska of Metformin ER manufactured by "Amneal," Filing 44-1 at 3, which she declares she ingested, Filing 44-1 at 1. Exhibit A to her declaration is insufficient evidence of the necessary contacts with the forum, even if it suggests that Metformin ER made by "Amneal" was sold in Nebraska. The Exhibit provides no plausible inference that Amneal Pharmaceuticals LLC was responsible for distributing the Metformin ER to Nebraska. Filing 44-1 at 3. Taking the evidence in the light most favorable to Bishop does not mean ignoring her lack of evidence or ignoring the evidence presented by Amneal Pharmaceuticals LLC. In this case, Amneal Pharmaceuticals LLC provides a declaration by a qualified witness, Mr. Boyer, that Amneal Pharmaceuticals LLC did not sell Metformin ER in Nebraska and did not direct business activities or the distribution of Metformin ER at Nebraska. Filing 40-1 at 3. Thus, this case is similar to *Zazzle, Inc.*, in which the Eighth Circuit Court of Appeals held that evidence that someone in the state purchased a product available nationally was not sufficient to show that the vendor "deliberately reached out beyond its home or that the single alleged contact was anything more than random, isolated, or fortuitous." 42 F.4th at 953 (internal quotation marks and citations omitted).

Bishop's reliance on the "stream of commerce" theory as demonstrating personal jurisdiction in this case is also unavailing. Some time ago, a plurality of the Supreme Court concluded that a defendant placing a product into the stream of commerce with knowledge that a sale may occur in the forum state is not enough to establish specific personal jurisdiction *See Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987) (plurality) ("[A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State."). The Supreme Court's more recent decision in *Bristol-Myers Squibb Co.*

*v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773 (2017), clarifies the matter, even though it did not mention "stream of commerce." In *Brisol-Myers Squibb*, the Court linked specific jurisdiction either to a foreign defendant's particular acts within the forum or the particular acts of its agent and/or alter-ego subsidiary/distributor. 137 U.S. at 1781–83. Specifically, the Court stated, "[T]he bare fact that [a foreign defendant] contracts with [a forum-state] distributor is not enough to establish personal jurisdiction in the State." *Id.* at 1783. Here, Bishop has not alleged that Amneal Pharmaceuticals LLC had a contract with a forum-state distributor, nor has she identified any plausible factual basis for believing that there are such contracts. *See Zazzle, Inc.*, 42 F.4th at 951; *Viasystems, Inc.*, 646 F.3d at 598; *Miller*, 528 F.3d at 1092. In contrast, Mr. Boyer's declaration is evidence from a witness qualified to offer such evidence that "[t]o the extent any product distributed by Amneal [Pharmaceuticals] LLC is sold into the State of Nebraska, that would happen only through third party distributors over whom Amneal [Pharmaceuticals] LLC has no control." Filing 40-1 at 3. This Court concludes that, "[t]o the extent [Bishop's] stream-of-commerce theory purports to attach specific personal jurisdiction on the basis of mere foreseeability related to a defendant's relationships with third parties, without any attention paid to a defendant's own discrete efforts to target a specific forum, . . . such a theory is inapplicable in light of *Bristol-Myers*." *A.T. Through Travis v. Hahn*, 341 F. Supp. 3d 1031, 1038–39 (E.D. Mo. 2018) (citing *Bristol-Myers*, 137 S.Ct. at 1781–83).

In short, Bishop has presented no facts to be taken in her favor suggesting personal jurisdiction over Amneal Pharmaceuticals LLC. She has otherwise failed to make the required prima facie showing that Amneal Pharmaceuticals LLC's conduct and connection with this state are such that Amneal Pharmaceuticals LLC should reasonably have anticipated being haled into court here. *Zazzle, Inc.*, 42 F.4th at 951 (explaining that a showing that a defendant should

18

reasonably anticipate being haled into court in the forum is "[c]ritical to due process analysis" of personal jurisdiction).

     c.   Bishop is Not Entitled to Discovery on Personal Jurisdiction

Bishop argues that if the Court concludes her arguments do not establish personal jurisdiction, then the Court should allow limited jurisdictional discovery prior to dismissing Amneal Pharmaceuticals LLC from this case. Filing 43 at 6. Specifically, she contends the Court should allow discovery with respect to the nature of Amneal Pharmaceuticals LLC's contracts and communications with its downstream distributors about sales in Nebraska. Filing 43 at 6. The Court does not agree.

A district court's denial of a request for jurisdictional discovery is reviewed for abuse of discretion. *Viasystems, Inc.*, 646 F.3d at 598. In *Viasystems, Inc.*, the Eighth Circuit Court of Appeals concluded,

> Viasystems' assertion that jurisdictional discovery "would likely" reveal these facts [concerning the relationship between a company and its distributors] is entirely speculative, and "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 n. 1 (8th Cir. 2004) (quoting *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)). Accordingly, the district court did not abuse its discretion in denying Viasystems' motion for jurisdictional discovery.

*Viasystems, Inc.*, 646 F.3d at 598. Bishop's assertion that discovery might reveal facts about the nature of Amneal Pharmaceuticals LLC's contracts and communications with its downstream distributors about sales in Nebraska is likewise entirely speculative and conclusory. *Id.* She cites no facts raising a reasonable inference that Amneal Pharmaceuticals LLC has any contracts or has had any communications with distributors about sales in Nebraska. *Id.* In contrast, Amneal Pharmaceuticals LLC has presented evidence that it has no such relationships with distributors.

*Filing 40-1 at 3*. What Bishop seeks is an unwarranted fishing expedition. Thus, her request for jurisdictional discovery is denied.

     *3. Summary*

     The Court concludes that Bishop has failed to make the required prima facie showing that Amneal Pharmaceuticals LLC's conduct and connection with this state are such that Amneal Pharmaceuticals LLC should reasonably have anticipated being haled into court here. *Zazzle, Inc.,* *42 F.4th at 951* (explaining that this reasonable anticipation is "[c]ritical to due process analysis" of personal jurisdiction). The Court concludes further that Bishop's request for jurisdictional discovery prior to dismissal for lack of personal jurisdiction must be denied. Therefore, the part of Amneal Pharmaceuticals LLC's Motion to Dismiss the Amended Complaint for lack of personal jurisdiction is granted. Such dismissal is without prejudice, however, because Bishop may be able to bring her claims against Amneal Pharmaceuticals LLC in a court that does have personal jurisdiction over that defendant.

### C. Bishop Must Show Cause Why this Case Should Not be Dismissed as to the Remaining Defendant

     Bishop's March 31, 2022, Amended Complaint added Amneal Pharmaceuticals Pvt. Ltd. as a defendant in this action. *Filing 25 at 1* (¶ 2). The docket shows that in the five months since then Amneal Pharmaceuticals Pvt. Ltd. has never been served with the Amended Complaint. The docket does not show that Amneal Pharmaceuticals Pvt. Ltd. has ever appeared in this action. Indeed, it appears that Bishop has never requested that summons issue as to Amneal Pharmaceuticals Pvt. Ltd. She also has not otherwise pursued this litigation against Amneal Pharmaceuticals Pvt. Ltd. by attempting to serve that defendant using one of the methods provided in Rule 4(h) of the Federal Rules of Civil Procedure. *Fed. R. Civ. P. 4(h)* (providing for service on

a foreign corporation in either the United States by a method prescribed in Rule 4(e) or Rule 4(h)(1)(B), or outside the United States in any manner prescribed by Rule 4(f) except Rule 4(f)(2)(C)(i)); *see also* Fed. R. Civ. P. 4(e) (providing for service on an individual within a judicial district of the United States); Fed. R. Civ. P. 4(f) (providing for service on an individual in a foreign country). Consequently, the Court will enter an order to show cause why defendant Amneal Pharmaceuticals Pvt. Ltd. should not be dismissed for lack of prosecution. *See* NECivR 41.2 ("At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution."). Dismissal of this remaining defendant would mean dismissal of this action in its entirety.

### III. CONCLUSION

The Court concludes that Bishop has failed to meet her burden to make a prima facie showing that the Court has personal jurisdiction over Amneal Pharmaceuticals LLC. Because Amneal Pharmaceuticals LLC is dismissed for lack of personal jurisdiction, it is unnecessary for the Court to reach Amneal Pharmaceuticals LLC's other grounds for dismissal. Accordingly,

IT IS ORDERED that

1.     Amneal Pharmaceuticals LLC's Motion to Dismiss the Amended Complaint, Filing 38, is granted in part and denied in part, as follows:

      a.     The Motion is granted as to lack of personal jurisdiction over Amneal Pharmaceuticals LLC; but

      b.     The Motion is otherwise denied as moot.

2.     This case is dismissed against Amneal Pharmaceuticals LLC only and without prejudice to reassertion in a court with personal jurisdiction over this defendant.

IT IS FURTHER ORDERED that not later than two weeks from the date of this order, plaintiff Bishop shall show cause, to be filed electronically on the CM/ECF docket in this case, why this case should not be dismissed against remaining defendant Amneal Pharmaceuticals Pvt. Ltd. for lack of prosecution, pursuant to NECivR 41.2. Plaintiff Bishop is advised that failure to show cause as required by the date specified will result in immediate dismissal of remaining defendant Amneal Pharmaceuticals Pvt. Ltd. and immediate dismissal of this action in its entirety without further notice for failure to comply with an order of this Court and for failure to prosecute this action.

Dated this 1st day of September, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge